UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHARLES A. BROWN, | ) | |
|          Petitioner, | ) | |
| vs. | ) | No. 1:16-cv-01621-SEB-TAB |
| UNITED STATES OF AMERICA, | ) | |
|          Respondent. | ) | |

**Order Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

Charles Brown seeks relief from his sentence pursuant to 28 U.S.C. § 2255 arguing that he does not have sufficient prior convictions to support the enhancement of his sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). For the reasons discussed below, Brown's motion must be **denied**, and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. The § 2255 Motion**

A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States,* 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United*

1

*States,* 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Factual and Procedural Background

Brown was found guilty by a jury of one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Because Brown had at least three prior convictions that were "crimes of violence" under § 4B1.4 of the United States Sentencing Guidelines, he was considered to be a career offender and his total offense level was 34. Based on a total offense level of 34 and a criminal history category of VI, Brown's guideline range of imprisonment was 262 to 327 months. Presentence Investigation Report "PSR" ¶ 73. Brown's prior criminal history consisted of two convictions for criminal confinement, two Indiana robberies, and one Indiana burglary. PSR at ¶¶ 34-36. Brown was sentenced to 264 months' imprisonment. Brown appealed his conviction and sentence, but the Seventh Circuit affirmed his conviction and sentence. *See United States v. Brown*, 214 F. App'x 618 (7th Cir. 2007).

Brown then filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel which was denied by this Court. *See Brown v. United States*, No. 1:08-cv-0891-SEB-JMS. On June 23, 2016, the Seventh Circuit granted Brown permission to file a successive motion to vacate under § 2255 to argue a claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See Brown v. United States*, No. 16-2526 (7th Cir. 2016).

On June 24, 2016, Brown, with counsel, filed a memorandum in support of a § 2255 motion claiming that his criminal confinement and robbery convictions no longer qualify as violent felonies under *Johnson*. Dkt. 1. On June 8, 2017, Brown filed a supplemental § 2255 motion claiming that his criminal confinement and burglary convictions do not qualify as violent felonies and conceding that his Indiana robberies at paragraphs 34 and 36 do count towards his ACCA status pursuant to *United States v. Duncan*, 833 F.3d 751 (7th Cir. 2016). Dkt. 12. On February

26, 2018, the United States filed a status report stating that the Seventh Circuit held that Indiana Class C and Class B burglary convictions as valid predicate offenses under § 924(e)(2)(B)(ii). *See United States v. Perry*, 862 F.3d 620, 624 (7th Cir. 2017); *United States v. Foster*, 877 F.3d 343 (7th Cir. 2017); *United States v. Schmutte*, 709 F. App'x 375 (7th Cir. 2018) (unpublished).

On March 8, 2018, Brown's counsel filed for a motion to withdraw her appearance in this case. Dkt. 17. On March 15, 2018, the Court granted that motion and directed the United States to respond to Brown's contentions that criminal confinement does not qualify as a violent felony under *Johnson* and that his robbery and criminal confinement convictions at paragraph 34 of the PSR count as only one qualifying conviction for ACCA purposes. Dkt. 18.

On April 2, 2018, Brown filed a motion to amend or correct his brief in support of § 2255 claiming that his robbery, criminal confinement, and burglary count only as one qualifying conviction as they occurred on the same occasion and his firearm was possessed during residential entry which is not a crime of violence, so it should not have enhanced his criminal history category. Dkt. 20. The Court ordered the United States to respond to Brown's amended motion. Dkt. 21.

The United States has responded to Brown's arguments and Brown has replied.

**II. Discussion**

Brown argues that, after *Johnson*, his underlying convictions are not sufficient to support enhancement of his sentence under the ACCA and that his robbery and burglary convictions count as only one conviction for purposes of enhancement under the ACCA.

The ACCA provides for a fifteen-year minimum sentence for a person who has three previous convictions "for a violent felony or a serious drug offense." 18 U.S.C. § 924(e). *Johnson* considered § 924(e)(2)(B), which defines the term "violent felony" as any of four specifically enumerated crimes or any other crime that "otherwise involves conduct that presents a serious

potential risk of physical injury to another." The Supreme Court found the above-quoted portion of § 924(e)(2)(B)—commonly known as its "residual clause"—unconstitutionally vague, meaning that it "fails to give ordinary people fair notice of the conduct it punishes." *Johnson*, 135 S. Ct. at 2556. Therefore, the Court held that imposing a § 924(e) sentence enhancement based on an offense that could be defined as a "crime of violence" only through the residual clause violates a defendant's due process rights. *Id.* at 2564.

Brown argues that under *Johnson*, his prior convictions are no longer violent felonies sufficient to support enhancement of his sentence. According to the PSR, Brown had the following prior convictions when he was sentenced for being a felon in possession of a firearm:

- Criminal Confinement, Robbery, & Burglary in Marion County, Indiana. PSR ¶ 34;
- Criminal Confinement in Marion County, Indiana. PSR ¶ 35; and
- Robbery in Marion County, Indiana. PSR ¶ 36.

The parties do not appear to dispute that Brown's criminal confinement convictions do not qualify as violent felonies under the ACCA. In fact, the Seventh Circuit held, even before *Johnson*, that criminal confinement is not a violent felony for purposes of the ACCA. *United States v. Gilbert*, 464 F.3d 674, 675 (7th Cir. 2006) (citing *United States v. Hagenow*, 423 F.3d 638, 644 (7th Cir. 2005) (holding that criminal confinement is not a crime of violence for purposes of 4B1.2 of the Sentencing Guidelines). Thus, the Court must consider whether the enhancement of Brown's sentence was proper based on his convictions for robbery and burglary.

Since the filing of his motion, the Seventh Circuit has held that Indiana burglary and Indiana robbery do qualify as violent felonies. *See United States v. Perry*, 862 F.3d 620, 624 (7th

Cir. 2017) (burglary); *United States v. Foster*, 877 F.3d 343 (7th Cir. 2017) (burglary); *United States v. Duncan*, 833 F.3d 751, 757 (7th Cir. 2016) (robbery)[1].

Because Brown has two prior convictions for robbery and one prior conviction for burglary, and the Seventh Circuit has held that these crimes are violent felonies after *Johnson*, he has three prior convictions for violent felonies to support the enhancement of his sentence under the ACCA. He resists this conclusion arguing that the convictions at paragraph 34 of the PSR count as only one qualifying conviction for ACCA purposes as they occurred on the same occasion.

The United States argues that this Court cannot consider this claim because the Seventh Circuit granted Brown permission to raise only a *Johnson* claim in his § 2255 motion and therefore Brown is not authorized to bring this claim. The United States goes on to argue that, even if this claim is considered, the prior offenses occurred on different occasions for purposes of sentencing under the ACCA. The Court agrees. The ACCA requires enhancement of a person's sentence when he has three prior convictions for violent felonies that were "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The Seventh Circuit explained how to determine whether the prior offenses were committed on different occasions in *Kirkland v. United States*, 687 F.3d 878 (7th Cir. 2012):

> [T]he majority of this court set forth a framework for making the determination required by § 924(e)(1) in *Hudspeth,* 42 F.3d [1015,] 1019 [7th Cir. 1994]. *Hudspeth* emphasized that the key issue for purposes of the statutory enhancement is not whether the prior offenses are "related," but whether each arose out of a "'separate and distinct criminal episode.'" *Id.* (quoting *United States v. Schieman,* 894 F.2d 909, 911 (7th Cir. 1990)). *Hudspeth* indicated that the primary question relevant to this determination "is simple: were the crimes *simultaneous* or were they

---

[1] The Court had previously directed the United States to respond to Brown's argument that the Supreme Court had granted certiorari in *Stokeling v. United States* and that a decision in *Stokeling* would impact whether Indiana robbery qualifies as a violent felony under the ACCA. Dkt. 23. The Supreme Court has since held in *Stokeling* that robbery under Florida law qualifies as a violent felony under the elements clause of the ACCA. *Stokeling v. United States*, 139 S. Ct. 544, 548 (2019).

> *sequential?" Id.* at 1021. *This means that "one crime hard on the heels of another can be a 'separate and distinct criminal episode[.]'" United States v. Godinez,* 998 F.2d 471, 472 (7th Cir. 1993); *United States v. Morris,* 293 F.3d 1010, 1014 (7th Cir. 2002). The majority in *Hudspeth* reasoned that an individual who has an opportunity to withdraw from his criminal activity, but who chooses to commit additional crimes, should be punished more harshly than an individual who commits simultaneous crimes and "has no opportunity to turn back and abandon his criminal conduct." 42 F.3d at 1021. Accordingly, under this inquiry, courts consider the "nature of the crimes, the identities of the victims, and the locations" of the offenses, and whether the "perpetrator had the opportunity to cease and desist from his criminal actions at any time." *Id.* at 1019; *Morris,* 293 F.3d at 1013.

*Kirkland*, 687 F.3d at 887 (emphasis added).

The charging document in Brown's Indiana state case referenced at paragraph 34 of the PSR (49G04-92129CF-166095) shows that Brown pleaded guilty to criminal confinement, robbery, and burglary. Dkt. 12-1. As to his robbery conviction, he robbed Anthony Paul of Nintendo tapes and United States Currency, while armed with shotguns and a handgun, at 5504 White Horse Road, Apartment B. As to his burglary conviction, he broke and entered into Channing Webster's dwelling, located at 1325 Racquet Club Drive, Apartment C, with intent to commit the felony of Theft. *Id.* His robbery and burglary happened on the same date, but at different locations and had different victims. *Kirkland*, 687 F.3d at 887. Brown thus had opportunity to "cease and desist from his criminal action." *Id.* He therefore cannot show that his robbery and burglary convictions were not committed on different occasions for purposes of the ACCA.

In sum, Brown has three valid prior convictions for violent felonies – robbery and burglary (PSR ¶ 34) and robbery (PSR ¶ 36). He therefore has not shown that he is entitled to relief under *Johnson*.

### III. Conclusion and Certificate of Appealability

For the reasons explained above, Charles Brown is not entitled to relief on his § 2255 motion. His conviction and sentence are not unconstitutional. Accordingly, his motion for relief pursuant to § 2255 is **denied** and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue and **a copy of this Entry shall be docketed in No. 1:05-cr-00068-SEB-KPF-1**. The motion to vacate shall also be **terminated** in the underlying criminal action.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Brown has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 2/26/2019

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CHARLES A. BROWN
07835-028
DEVENS - FMC
DEVENS FEDERAL MEDICAL CENTER
Inmate Mail/Parcels
P.O. BOX 879
AYER, MA 01432

All Electronically Registered Counsel